(\*) EASTMAN *versus* INHABITANTS OF STOWE.

To recover for damage done to a land-holder, by the location of a town road,
  he must pursue the mode prescribed by R. S., c. 25, § 31.
Such recovery cannot be had by a statute submission of the claim to referees.

ON EXCEPTIONS from the late DISTRICT COURT, COLE, J.
Motion to accept an award of referees.

The heirs of Asa Eastman claimed to recover for the dam-
age done to their land, by the establishment of a town road
across it.

The plaintiff was one of the heirs, and acting both for
himself and the others, presented the claim before the de-
fendants in a town meeting, by whom it was rejected. He
then, acting in the same capacity, joined with one O. H.
Day, in submitting the claims to referees. Day was the gen-
eral agent of the town, but had no special authorization as
to this claim.

The submission was entered into in the statute form. The
referees awarded that the damage was $100, and should be

paid by the town. A majority of the selectmen were present, and assisted at the trial before the referees.

Eastman presented the award and moved for its acceptance. The defendants resisted it, and offered evidence of the facts above stated. The Judge ruled such evidence inadmissible, and accepted the award, and the defendants excepted.

*Hastings,* in support of the exceptions.

*A. R. Bradley, contra,* cited R. S., c. 25, art. II, § 31; *Knowlton* v. *Plantation No.* 4, 14 Maine, 20; *Buckland* v. *Conway,* 16 Mass. 396; *Pittston* v. *Clark,* 15 Maine, 460.

. TENNEY, J. — The acceptance of the report of a majority of the referees was opposed by a special agent of the town, duly elected for that purpose, on the ground that the town agent, who entered into the agreement to submit the claim annexed to the submission, had not authority to bind the defendants in the premises, not having special authority therefor. No authority to enter into the agreement was shown; although it was admitted, that the person who signed the submission was at the time the general agent of the town.

The statute c. 25, § 31, has provided the mode in which a party, who has sustained any damage in their property, by the laying out, altering or discontinuing any town or private way, may ascertain who is liable therefor, and the amount he is entitled to · receive. The mode adopted in this case is clearly one not embraced in the provision. Neither does it appear that the road was one, on account of the location of which the town was liable to the payment of damages, alleged to have been sustained.

*Exceptions sustained.*
*Proceedings dismissed.*

SHEPLEY, C. J., and WELLS, HOWARD and APPLETON, J. J., concurred.